Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003148
07-APR-2015
08:59 AM

NO. CAAP-13-0003148

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
BAILEY TYLER BYRNE, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3DTA-12-02467)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Bailey Tyler Byrne (**Byrne**) appeals from the Amended Judgment and Notice of Entry of Amended Judgment (**Judgment**), filed on August 5, 2013, in the District Court of the Third Circuit (**District Court**).[1] Byrne was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2012) and Accidents Involving Damage to Vehicle or Property, in violation of HRS § 291C-13 (Supp. 2012).

On appeal, Byrne contends there was insufficient evidence to find him guilty of OVUII.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[1] The Honorable Joseph P. Florendo, Jr. presided.

the arguments advanced and the issues raised by the parties, we resolve Byrne's point of error as follows:

"[T]he evidence adduced in the trial court [is] considered in the strongest light for the prosecution," State v. Matavale, 115 Hawaiʻi 149, 157, 166 P.3d 322, 330 (2007), there was sufficient evidence that Byrne operated or assumed actual physical control of a vehicle on a public highway while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty, in violation of HRS § 291E-61(a)(1). The District Court credited the testimony of Neil Wehrsig (**Wehrsig**), a passerby, who testified that he saw a truck flipped on its side and three people at the scene. Two men were on top of the vehicle trying to get someone out and Wehrsig heard someone say "Dude, we got to get out of here." The District Court also credited Officer Matsui's testimony that Byrne had red, watery, and glassy eyes, he smelled alcohol on Byrne's breath, and Byrne was intoxicated based on Byrne's performance of field sobriety tests, and the District Court disbelieved the testimony of Bryne and his friend that Bryne began drinking after the accident. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Bailey, 126 Hawaiʻi 383, 406, 271 P.3d 1142, 1165 (2012) (citation, internal quotation marks and brackets omitted).

Although Byrne argues that there is no evidence that he consumed alcohol prior to the accident, and Byrne testified that he only drank beer after the truck he was driving flipped on to its side, in addition to the above, a statement by Byrne's passenger to Officer Singleton indicated that both the passenger and Byrne had drank beer prior to the accident. The passenger's statement also revealed that he and Bryne left the scene in order to avoid getting into trouble for driving under the influence. "[T]he mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." State v. Stocker, 90 Hawaiʻi 85, 92, 976 P.2d 399, 406 (1999)

(quoting <u>State v. Sadino</u>, 64 Haw. 427, 430, 642 P.2d 534, 536-37 (1982)) (internal quotation marks omitted).

Accordingly, the District Court's August 5, 2013 Amended Judgment is affirmed.

DATED: Honolulu, Hawai'i, April 7, 2015.

On the briefs:

Michael S. Zola
for Defendant-Appellant

Linda L. Walton
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge